IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| LAVONYA ROBERSON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:22-CV-306-DII |
| THE CBE GROUP, INC.., | § § § | |
| Defendant. | § | |

**ORDER**

Before the Court is Plaintiff Lavonya Roberson's ("Plaintiff") Amended Motion to Withdraw as Attorney. (Dkt. 21). On September 18, 2023, Plaintiff's counsel filed a motion to withdraw as counsel for Plaintiff. (Dkt. 18). On October 17, 2023, the Court issued an order requiring Plaintiff's counsel to file a notice to clarify the relief that was sought by the motion because it was unclear whether the motion was requesting the Court's leave for only one of Plaintiff's counsel to withdraw or for all Plaintiff's counsel of record to withdraw. (Dkt. 19). In response, Plaintiff's counsel filed an amended motion that requests that all four of Plaintiff's attorneys of record be allowed to withdraw. (Dkt. 21). In the motion, Plaintiff's counsel states that despite Plaintiff's counsel's "numerous attempts to contact Plaintiff through phone calls and certified written correspondence," Plaintiff has been unresponsive and has not contacted Plaintiff's counsel. (*Id.*). Plaintiff's counsel also provides Plaintiff's last known address and phone number. (*Id.*).

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). "The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal." *Rabin v. McClain*, No. SA-10-CV-981-XR, 2011 WL 3793939, at *1 (W.D. Tex. Aug. 25, 2011). "'[I]n assessing whether counsel has good cause to resign, federal courts look to multiple

factors,' paramount among those factors 'are considerations of undue delay in the proceedings, prejudice to the client, and the interests of justice.'" *Id.* (quoting *Dorsey v. Portfolio Equities, Inc.*, No. 3:04-CV-0472-B, 2008 WL 4414526, at *2 (N.D. Tex. Sept. 29, 2008)). "The record must generally reflect an appropriate basis for granting leave; unsubstantiated claims are insufficient." *F.T.C. v. Itellipay, Inc.*, 828 F. Supp. 33, 33 (S.D. Tex. 1993). The decision of whether to permit withdrawal lies within the sound discretion of the court. *Wynn*, 889 F.2d at 646.

In the Western District of Texas, there are three additional requirements for a motion to withdraw: (1) the attorney seeking to withdraw from a case must file a motion specifying the reasons for withdrawal and providing the name and office address of the successor attorney; (2) if the successor attorney is not known, the motion must set forth the client's name, address, and telephone number; and (3) the motion must bear either the client's signature or a detailed explanation as to why the client's signature could not be obtained after due diligence. W.D. Tex. Loc. R. AT-3.

While Plaintiff's counsel's motion complies with these three requirements of the Local Rules, the motion fails to satisfy the good cause standard as the Court does not believe that withdrawal is the appropriate remedy in this case for counsel's inability to contact Plaintiff. Withdrawal would cause undue delay in the proceedings because such action would leave Plaintiff proceeding pro se and force the Court to shoulder the burden of contacting Plaintiff and deciding whether this litigation should proceed. Judicial efficiency would instead be served by requiring Plaintiff's counsel to retain responsibility over this case that they brought on Plaintiff's behalf and requiring counsel to continue their attempts to contact Plaintiff. Accordingly, the Court finds that there is not good cause at this time for all of Plaintiff's counsel to be withdrawn.

Before Plaintiff became unresponsive, she filed, through counsel, a proposed scheduling order. (Dkt. 15). After a proposed scheduling order is filed, the next course of action is normally for the Court to schedule an initial pretrial conference for the parties to appear by phone. The Court

wishes to continue with such a conference to discuss how to proceed in this case with both parties and their counsel of record on their behalf.

Accordingly, Plaintiff's Amended Motion to Withdraw as Attorney as to All Plaintiffs' Counsel is **DENIED**. The Court will issue a separate order setting a date for an initial pretrial conference. It remains Plaintiff's counsel's responsibility to attempt to notify Plaintiff of their motion to withdraw and the upcoming pretrial conference at which Plaintiff must appear.

**SIGNED** on November 6, 2023.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE